## CLARK v. WHITAKER.

If a negotiable promissory note, before its maturity, is sold and delivered by the payee to a purchaser in good faith, and for value, but is not indorsed by the payee until after it becomes due, or until after the purchaser has notice of a defence, the note in the purchaser's hands will be open to any defence that might have been set up against the payee.

ASSUMPSIT, by Curtis C. Clark against Robert Whitaker, upon a note for ninety dollars, dated October 3, 1868, payable sixty days after date to Charles Stinson or order, and indorsed in blank by Stinson.

The defence was, that the note was obtained by fraud, as a part of the consideration for the sale of a recipe for making fluid gas, and that before it was indorsed the plaintiff had knowledge of the failure of consideration. It was in evidence, that on or about the date of the note Stinson sold to defendant a recipe for making fluid gas for ten dollars in cash and the note sued on. It was also in evidence, that within a few days after the note was made, it was sold and delivered by Stinson to plaintiff for a valuable consideration ; and the evidence tended to show that it was without notice of any want of consideration as between Stinson and Whitaker; that it was not indorsed at the time of the sale and delivery ; and there was evidence tending to show that before the note was indorsed the plaintiff had notice that there was a want of consideration. The note was indorsed some two or three months after date, either a short time before or a short time after it became due. The court ruled that if the plaintiff bought the note in good faith before it was due, for a valuable consideration, and it was delivered to him, still, if it was not indorsed before it became

due, or before plaintiff had notice of the want of consideration, it would, in his hands, be open to any defence that might have been set up against the payee. Plaintiff excepted to this ruling. Verdict for defendant, which the plaintiff moved to set aside.

*C. W. & E. D. Rand and Farr & Son,* for the plaintiff.

*H. & G. A. Bingham,* for the defendant.

SMITH, J.    *Southard* v. *Porter,* 43 N. H. 379, is an authority for the defendant.    Two subsequent decisions in this country *(Lancaster National Bank* v. *Taylor,* 100 Mass. 18 ; *Haskell* v. *Mitchell,* 53 Maine, 468) and one in England *( Whistler* v. *Forster,* 14 C. B. (N. S.) 248) are to the same effect ;—see, also, *Gilbert* v. *Sharp,* 2 Lansing 412.    The ground of these decisions seems to be, that the holder, when undertaking to enforce against the maker a note which was valueless in the hands of the original payee, is claiming the benefit of an exception to the general rule of the common law, and must fail unless he brings himself fully within the limits of that exception.    Ordinarily the assignee of a chose in action has no greater rights than his assignor. The superior right claimed for the holder of negotiable paper can rest only " upon the custom of merchants, and the Statute of 3 and 4 Anne, *c.* 9."    An exception is thereby made in favor of those who take notes by indorsement, for value, before maturity, and without notice of any defence.    Until the note is indorsed, the holder is not an indorsee. If it is not indorsed till after maturity, he cannot be said to have taken the note " by indorsement" before maturity.    So, too, if the note is not indorsed till after the purchaser had notice of a defence, he cannot be said to have taken the note by indorsement without notice of any defence.    Before he had obtained the indorsement, he was not within the protection of the law-merchant, " and when he did obtain it, he had notice that he could not gain any title" to the note on account of its original invalidity.

As this reasoning seems to us correct, we are disposed to follow the above authorities, rather than *Baggarly* v. *Gaither,* 2 Jones's Equity, North Carolina, 80, cited by the plaintiff.

A broader view of the case does not aid the plaintiff.    It may have been an act of negligence in the defendant to allow an invalid note to go out to the world with his signature upon it.    But to recover against the defendant on the ground of negligence, the plaintiff must prove (among other things) that no want of ordinary care on his own part contributed directly to produce the injury complained of.    A jury would hardly find that a purchaser exercises ordinary care, in relying upon the validity of a negotiable note which the payee does not indorse at the time of sale and delivery.    " A failure to indorse a note ought to put the purchaser on his guard, as much as a failure to collect it at maturity."

*Judgment on the verdict.*